IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 1 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| VICTOR PEREZ  PLAINTIFF, | § § § |
| vs. | § CIVIL ACTION NO. B-03-130 § |
| TRADE SECRET CORP.  DEFENDANT. | § § § § |

### DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Regis Corporation d/b/a Trade Secret ("Trade Secret"), and files this its Original Answer and Affirmative Defenses and respectfully answers as follows:

1.  Based on information before it, Defendant admits the averments of facts in Section A, "Discovery Control Plan," of Plaintiff's Original Petition.

2.  Defendant admits that Plaintiff, Victor Perez, is a resident of Brownsville, Cameron County, Texas. Defendant admits that it is a corporation and may receive service through the registered agent service listed in Plaintiff's Original Petition. Defendant denies the remaining averments of fact in Section B, "Parties," of Plaintiff's Original Petition.

3.  Defendant denies all averments of fact in Section C, "Jurisdiction and Venue," in Plaintiff's Original Petition.

4.  Defendant admits that Plaintiff was hired initially in July of 1999 and managed the Trade Secret Salon at the Sunrise Mall in Brownsville, Texas.

Defendant further admits that Plaintiff was terminated by Trade Secret on or about November 14, 2001, for violation of Trade Secret's legitimate and non-discriminatory company policies. Defendant denies the remaining averments of fact in Section D, "Facts," in Plaintiff's Original Petition.

5. Defendant acknowledges that Plaintiff is a male and seeks recovery for sex discrimination under Title VII of the Civil Rights Act of 1964, as amended, but denies engaging in any discriminatory conduct. Defendant denies the remaining averments of fact set forth in Section E, "Sex Discrimination," in Plaintiff's Original Petition.

6. Defendant acknowledges that Plaintiff seeks recovery for intentional infliction of emotional distress, but denies engaging in any misconduct which would give rise to such a claim. Defendant denies the remaining averments of fact set forth in Section F, "Intentional Infliction of Emotional Distress," in Plaintiff's Original Petition.

7. Defendant acknowledges that Plaintiff seeks the listed damages, but denies engaging in any misconduct or discrimination warranting the imposition of damages. Defendant denies all averments of facts contained in Section G, "Damages," in Plaintiff's Original Petition.

8. Defendant denies all averments of fact raised in the "Wherefore, Premises Considered" paragraph of Plaintiff's Petition.

9. Defendant denies each and every allegation contained in Plaintiff's Original Petition which has not been specifically admitted herein.

## AFFIRMATIVE DEFENSES

10. Defendant affirmatively states that Plaintiff has failed to state a claim upon which relief can be granted.

11. Defendant affirmatively states that, for any events occurring outside the applicable statute of limitations provided for in the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act of 1964, as amended, Plaintiff is barred recovery by the statute.

12. Defendant affirmatively states that Plaintiff has failed to mitigate any damages he may have suffered as a result of any alleged actions and, alternatively, that any damages suffered by Plaintiff should be reduced by whatever income or economic benefits he has earned or received since his separation from employment with Trade Secret.

13. Defendant affirmatively states that any damages suffered by Plaintiff was caused solely by Plaintiff and was not the result of any alleged action by Trade Secret.

14. Defendant affirmatively states that, for those allegations contained in Plaintiff's Original Petition which were not the subject of a timely charge before the Texas Commission on Human Rights, the Equal Employment Opportunity Commission or other administrative agency, Plaintiff has failed to exhaust all administrative remedies and have failed to meet all statutory prerequisites under

the Texas Labor Code § 21.001 *et seq.* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

15. Defendant affirmatively states that it acted in good faith and for legitimate business reasons and not for any discriminatory or illegal purpose, and that the same actions would have been based on legitimate, nondiscriminatory reasons regardless of protected class.

16. Defendant affirmatively raises the defense of the *after-acquired evidence doctrine* due to Plaintiff's false misrepresentations and/or misconduct during his employment at Trade Secret.

17. Defendant states that Plaintiff's claims are without foundation in law or in fact and Defendant is entitled to its costs and attorney fees in defending this action.

WHEREFORE PREMISES CONSIDERED, Trade Secret prays that Plaintiff take nothing on his claims against it and for such other and further relief, in law or in equity, to which the Court finds it entitled.

Respectfully submitted,

Holland & Knight, LLP
Weston Centre, Suite 2700
112 East Pecan Street
San Antonio, Texas 78205
(210) 229-3000
(210) 229-1194 FAX
(210) 229-220-3084 Alternate Fax

By: *F. Denise Rios*
E. Burke Huber, Jr.
State Bar No. 10144696
F. Denise Rios
State Bar No. 24027660

ATTORNEYS FOR DEFENDANT
TRADE SECRET

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by certified mail, return receipt requested on this 31st day of July, 2003.

Reynaldo Garza, III
680 E. St. Charles, Suite 110
Brownsville, Texas 78520

*F. Denise Rios*
F. Denise Rios

# 13468_v1

5