United States District Court
Southern District of Texas
FILED

SEP 2 2 2003

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICTOR PEREZ | § | |
| PLAINTIFF, | § | |
| | § | *130* |
| vs. | § | CIVIL ACTION NO. B-03-~~103~~ |
| | § | |
| TRADE SECRET CORP. | § | |
| | § | |
| DEFENDANT. | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Trade Secret Corporation ("Trade Secret"), Defendant in the above-styled and numbered cause and files this its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 12(b)(1) and 56 and respectfully shows the Court as follows:

### I. FACTS AND PROCEDURAL HISTORY

On or about November 14, 2001, Plaintiff was terminated by Defendant from the Trade Secret salon located in the Sunrise Mall in Brownsville, Texas. Under the Texas Commission on Human Rights Act ("TCHRA") and Title VII of the Civil Rights Act of 1964, as amended, Plaintiff was given 300 days to bring a charge of discrimination against Defendant. Six months later (180 days), on May 13, 2002, Plaintiff provided the Texas Commission on Human Rights ("TCHR") with an "Intake Questionnaire." *A true and correct copy of the Intake Questionnaire is attached hereto and incorporated by reference herein as Exhibit "A."* The Intake Questionnaire listed Reynaldo Garza, III as the attorney for Plaintiff. *See Exhibit*

A.  The TCHR sent a letter to Trade Secret on May 14, 2002, notifying it that a complaint (not a charge) had been filed, but not perfected.  *See Letter from the TCHR dated May 14, 2002, attached hereto and incorporated by reference herein as Exhibit "B."*  The TCHR mailed a charge to Plaintiff for his signature or "verification" on June 18, 2002, September 12, 2002, and October 21, 2002.[1]  *See Letters from TCHR attached hereto and incorporated by reference herein as Exhibit "C."*  Each letter sent by the TCHR specifically states that "if the TCHR does not receive a response or a signed charge within fifteen (15) days of your receipt of this letter, this complaint <u>will</u> be dismissed for lack of cooperation."  *Id.* [emphasis added].  The TCHR, however, did not receive the verified charge of discrimination until November 12, 2002, almost exactly one year after his termination by Defendant.  *See Verified Charge of Discrimination attached hereto and incorporated by reference herein as Exhibit "D."*  Trade Secret did not receive notification that a verified charge had been filed until approximately November 22, 2002.  *See Letter from TCHR attached hereto and incorporated by reference herein as Exhibit "E."*  At that time the investigation of the charge commenced and Trade Secret submitted its "statement of position" to the TCHR on or about January 6, 2003.

The Equal Employment Opportunity Commission ("EEOC") issued its "right to sue" letter on February 28, 2003.  *See EEOC Right to Sue letter, attached hereto and incorporated by reference herein as Exhibit "F."*  Accordingly, a lawsuit should

---

[1] The June 18, 2002 letter sent to Plaintiff by TCHR was not responded to by Plaintiff.  The letter sent by the TCHR on September 12, 2002 was directed to Plaintiff's attorney, Reynaldo Garza, III. An unverified charge was returned to the TCHR on September 23, 2002.  Because it was unverified, the TCHR resent another charge to be verified on October 21, 2002.

have been brought under Title VII of the Civil Rights Act of 1964, as amended, on or about May 29, 2003.[2] Likewise, the TCHR issued its "right to sue" letter on February 10, 2003, allowing Plaintiff sixty (60) days from receipt of this letter to file suit under the TCHRA. *See TCHR Right to Sue Letter, attached hereto and incorporated by reference herein as Exhibit "G."* As such, a lawsuit under the TCHRA should have been brought on or about April 11, 2003.

Plaintiff initiated a lawsuit against Trade Secret in state court alleging sex discrimination in violation of the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act of 1964, as amended, on May 30, 2003. Defendant subsequently timely removed the litigation to federal Court.

Because Plaintiff failed to timely file his petition in accordance with the TCHR Right to Sue letter, Defendant seeks any claims brought under the TCHRA be dismissed with prejudice. Defendant also seeks to have Plaintiff's remaining claims under Title VII dismissed with prejudice pursuant to Rule 56 of the Federal Rules of Civil Procedure or alternatively, the *equitable doctrine of laches* because the claims are barred by the statute of limitations. Accordingly, Defendant seeks a full summary judgment as to the claims raised by Plaintiff.

## II. SUMMARY JUDGMENT OF TCHRA CLAIMS

Plaintiff refers to violations of the TCHRA in his Original Petition. Any complaints under TCHRA are barred by the statute of limitations based on Plaintiff's failure to file his lawsuit within 60 days of receiving the "right to sue"

---

[2] The Right to Sue letter provides a Charging Party ninety (90) days from <u>receipt</u> of the letter to file suit. Defendant is not aware what date Plaintiff or his attorney received the right to sue letter.

letter from the Texas Commission on Human Rights (TCHR). The Texas Labor Code § 21.254 states that a complainant, Plaintiff, has sixty (60) days to bring a civil action against a respondent. *See* TEX. LAB. CODE § 21.254.

The sixty (60) days granted in Section 21.254 of the Texas Labor Code is the applicable period of limitations for employment discrimination cases. *See Roberts v. Padre Island Brewing Co., Inc.,* 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi 2000, pet. denied); *Sibley v. Kaiser Found. Health Plan of Texas,* 998 S.W.2d 399, 405 (Tex. App.—Texarkana 1999, no pet.). The interpretation of the sixty (60) day statute of limitations is consistent with the federal treatment of the ninety (90) day statute of limitations set forth in Title VII of the Civil Rights Act, as amended. *See* 42 U.S.C. § 2000e-5; *Porter v. Beaumont Enter. and Journal,* 743 F.2d 269, 272 (5th Cir. 1984); *see also Guerrero v. Refugio County*, 946 S.W.2d 558, 566 (Tex. App.—Corpus Christi 1997, no writ). Accordingly, Plaintiff was required to file a lawsuit under the TCHRA within sixty (60) days of receiving the "right to sue" letter, which was mailed to Plaintiff by the TCHR on February 10, 2003. Plaintiff, however, did not file his lawsuit until May 30, 2003.

Because Plaintiff's TCHR claims are barred by the statute of limitations, the Court no longer maintains jurisdiction to decide the TCHR claims. Therefore, Defendant's motion for summary judgment regarding the TCHRA claims should be granted.

4

### III. SUMMARY JUDGMENT OF TITLE VII CLAIMS

**A.    Plaintiff's intake questionnaire is not a charge under Title VII.**

Title VII of the Civil Rights Act of 1964, as amended, specifically states that a charge of discrimination "shall be in writing *under oath or affirmation* and shall contain such information and be in such form as the [EEOC] requires." 42 U.S.C. §2000e-5(b) [emphasis added]. In a deferral state such as Texas, a Title VII claimant must file a charge of discrimination with the appropriate state or local agency (herein TCHR) or the EEOC within 300 days of the alleged violation. *See* 42 U.S.C. § 2000-e-5(e)(1). Because Plaintiff failed to file a charge of discrimination within 300 days, Plaintiff's Title VII claims are barred by the statute of limitations.

The only paperwork received by the TCHR within the statutory 300 days was an Intake Questionnaire. *See Exhibit A.* Intake questionnaires which are neither signed under oath nor verified do not satisfy the statutory requirement for an administrative charge. *See Exhibit A; Shempert v. Harwich Chem. Corp.,* 151 F.3d 793, 796 (8th Cir. 1998); *Park v. Howard Univ.,* 71 F.3d 904, 908-09 (D.C. Cir. 1995); *EEOC v. Appalachian Power Co.,* 568 F.2d 354, 355 (4th Cir. 1978).[3] Furthermore, the TCHR did not begin its investigation based on the Intake Questionnaire. *See*

---

[3] Other courts have found that an Intake Questionnaire qualifies as a charge if it satisfies the requirements of 29 C.F.R. §1601.12(b). *See Clark v. Coats & Clark, Inc.,* 865 F.2d 1237, 1239-41 (11th Cir. 1989); *Casavantes v. California State Univ.,* 732 F.2d 1441 (9th Cir. 1984). Section 1601.12(b) states a charge shall include: (1) full name, address, telephone number of the claimant; (2) name and address of respondent; (3) clear, concise statement of facts, including pertinent dates, constituting the alleged unlawful employment practices; (4) if known, the appropriate number of employees of the respondent; and (5) a statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a state or local agency charged with enforcement of fair employment practice laws and, if so, the date of such commencement and name of the agency. *See* 29 C.F.R. § 1601.12(b).

*Exhibit E*.  The investigation of the alleged discrimination did not begin until a signed and verified copy of the charge was received.  *See id.*

Because the Intake Questionnaire does not constitute a charge under Title VII, any subsequent verified charge cannot relate back to the filing of the Intake Questionnaire.  *See Shempert,* 151 F.3d at 797; *see also Lawrence v. Cooper Communities, Inc.,* 132 F.3d 447, 450 (8th Cir. 1998).  Plaintiff failed to submit any other paperwork with the TCHR during the 300-day period.  Therefore, Plaintiff failed to file a timely charge with the TCHR.

Courts have made exceptions to allow unsworn claims filed with the EEOC to constitute a "charge" for purposes of Title VII where: (1) the EEOC itself treats the claimant's unsworn statement as a charge by initiating an investigation and notifying defendant and/or (2) the EEOC makes a mistake in handling the unsworn claim such that it is not the claimant's fault that a formal charge was not timely filed.  *See Gonzalez v. Celanese,* 1997 WL 855968, at *6 (S.D. Tex. 1997); *see also Georgia Power Co. v. EEOC,* 412 F.3d 462 (5th Cir. 1969).  Plaintiff cannot establish that the TCHR viewed the Intake Questionnaire, which was the only paperwork received from Plaintiff during the 300-day period, as adequate to begin its investigation.  The TCHR did not investigate the complaint nor required Defendant to take any action until a verified charge was received.  *See Exhibit E.*  Moreover, the delay in receiving a valid charge cannot be placed upon any mistake made by the TCHR.  The TCHR made three attempts to have Plaintiff sign and verify a charge of discrimination on June 18, 2002, September 12, 2002 and October 21,

2002. Each letter by the TCHR indicated that the complaint would be dismissed for lack of cooperation if the TCHR did not hear back from Plaintiff within fifteen (15) days. Plaintiff did not respond to these requests by the TCHR until September 23, 2002, when the TCHR received a signed, but not verified, charge of discrimination form from the Plaintiff. Importantly, the unverified charge was signed by the Plaintiff on September 17, 2002. The 300-day statute of limitations allowed under Title VII expired on September 10, 2002. *See* 42 U.S.C. §2000e-5(b)(1).

Although courts will consider unsworn claims to constitute a "charge" for purposes of satisfying the 300-day deadline, Plaintiff fails to meet the exceptions provided by these courts. *See Gonzalez,* 1997 WL 855968, at *6. Additionally, the unverified charge of discrimination was not timely filed in order for the signed, verified charge dated November 14, 2002 to relate back to it. Therefore, Plaintiff's claims are barred by the statute of limitations and Defendant's motion for summary judgment should be granted.

**B.    Plaintiff's delay is not subject to equitable tolling.**

The filing of a timely charge with the EEOC is "a requirement that, like the statute of limitations, is subject to waiver, estoppel and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982). Equitable tolling is premised on the "excusable neglect" of the filing party and preserves a claim after the filing period has expired. *See Shempert,* 151 F.3d at 797. Although Title VII is remedial legislation and its administrative requirements are not to be read too literally, "procedural requirements established by Congress for gaining access to the federal

7

courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984). Generally, equitable tolling is a remedy reserved for circumstances that are beyond the plaintiff's control.[4] *See Shempert,* 151 F.3d at 797-98.

Plaintiff should not be afforded extra time to file without exercising due diligence, and the Plaintiff's excuse must be more than a "garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89 (1990). Records indicated that Plaintiff was represented by an attorney during the administrative charge phase. *See* Exhibit A. Plaintiff provides no excuse for his failure to file a charge of discrimination by September 10, 2002, warranting equitable tolling.

**C.    Plaintiff's claims are barred by the equitable doctrine of laches.**

Even assuming that the Intake Questionnaire may be considered a "charge" under Title VII, Plaintiff delayed in filing a verified charge of discrimination with the TCHR until approximately one year after his termination. Because Plaintiff has not justifiable excuse for his delay and **was represented by counsel** at the administrative phase, Defendant requests this court to dismiss Plaintiff's claims under the equitable doctrine of laches.

---

[4] *See Lawrence,* 132 F.3d at 451 (finding equitable tolling because the EEOC led the claimant to believe that the Intake Questionnaire with subsequent verification would suffice as a charge); *Schlueter v. Anheuser-Busch, Inc.,* 132 F.3d 455, 459 (8th Cir. 1998) (allowing equitable tolling because the EEOC mistakenly gave the claimant the wrong form); *Anderson v. Unisys Corp.,* 47 F.3d 302, 306-07 (8th Cir. 1995) (finding equitable tolling appropriate where the EEOC informed the claimant of the wrong filing period and claimant was not represented by counsel); *Warren v. Department of the Army,* 867 F.3d 1156, 1160 (8th Cir. 1989) (permitting equitable tolling because the EEOC gave misleading information in the right to sue letter and the claimant was not represented by counsel).

8

The equitable defense of laches bars an action when the plaintiff's delay in filing the claim is (1) unreasonable and inexcusable; and (2) materially prejudices the defendant. *See Smith v. Caterpillar, Inc.,* 338 F.3d 730, 733 (7th Cir. 2003); *Jeffries v. Chicago Transit Auth.,* 770 F.2d 676, 679 (7th Cir. 1985). Laches serves to protect defendants from prejudice caused by stale evidence, prolonged uncertainty about legal rights and status, and unlimited exposure to liability damages. *See Caterpillar,* 338 F.3d at 733.

Plaintiff has not reason or excuse for his delay in bringing a charge of discrimination against Defendant. The Intake Questionnaire clearly states that Plaintiff was represented by an attorney during the administrative process. *See Exhibit A.* Yet, neither Plaintiff nor his representative bothered to timely file a verified charge of discrimination so that an investigation may begin. The TCHR clearly indicated on three different occasions a verified charge of discrimination was required or Plaintiff's claim would be dismissed within fifteen (15) days. *See Exhibit C.* Plaintiff was not proceeding pro se in the administrative process and does not appear to have been misinformed by the TCHR. Therefore, Plaintiff's delay in filing a verified charge of discrimination until after a year from his termination is inexcusable.

Although the "relation back" doctrine discussed in Section 1601.12(b)[5] of the EEOC regulations, to permit this doctrine to work without a cut off or proof of a claimant's diligence would in effect allow a charge to be amended several years after the last alleged discriminatory act occurred, as long as the claimant filed any type of

[5] *See* 29 C.F.R. § 1601.12(b).

paperwork with the TCHR or EEOC. Such a result is nonsensical. Plaintiff's delay prejudices Defendant. As in the *Caterpillar* case, Defendant is exposed to disproportionately high back pay due to Plaintiff's failure to timely file a charge of discrimination. *See Caterpillar,* 338 F.3d at 735 (noting that increase exposure to back pay due to plaintiff's delay is a kind of prejudice warranting a finding of laches). Plaintiff's unexcused delay in filing a verified charge caused the TCHR to not begin investigating the alleged discriminatory act until a year after Plaintiff was terminated. Not until this time was Defendant asked to respond to Plaintiff's allegations. As such, witnesses and documentation were not sought until over a year after Plaintiff's termination. *See Brown-Mitchell v. Kansas City Power & Light Co.,* 267 F.3d 825, (8th Cir. 2001) (refusing to find the trial court abused its discretion in finding the defendant suffered prejudice when several witnesses could no longer remember details of the plaintiff's employment because of plaintiff's delay in bring suit). The delay places Defendant at a disadvantage in locating documents and witnesses, as well.[6] *See id. See Affidavit of Sharlotte Kiegler, attached hereto and incorporated by reference herein as Exhibit "H."* Due to Plaintiff's delay in filing the Charge of discrimination and lawsuit, relevant witnesses are no longer employed by Sunrise Mall or Defendant. *See id.*

---

[6] Plaintiff was terminated for numerous attendance problems, including failure to open the salon timely. *See Exhibit H.* The Sunrise Mall fined the Salon numerous times for failure to open timely. *See id.* Defendant has subpoenaed the records from Sunrise Mall reflecting the citations given to the salon while Plaintiff was manager. Plaintiff's delay in bringing a charge of discrimination and lawsuit may have prevented Defendant from obtaining relevant information from Sunrise Mall. *See id.*

Because Plaintiff has no excuse for his delay and Defendant can establish prejudice, the Court should grant Defendant's summary judgment and dismiss Plaintiff's claims brought under Title VII.

## IV. CONCLUSION

Plaintiff failed to filing a timely "charge" of discrimination upon which to base the above-styled and numbered litigation. Plaintiff's failure to file a charge of discrimination within 300-days of the last alleged discriminatory act cannot be subject to equitable tolling because the delay is without justifiable excuse. Plaintiff's delay has prejudiced Defendant and should not be rewarded by this Court.

WHEREFORE PREMISES CONSIDERED, Trade Secret prays that the Court grant its motion for summary judgment in its entirety, dismiss Plaintiff's claims with prejudice, and for such other and further relief, in law or in equity, to which the Court finds it entitled.

Respectfully submitted,

Holland & Knight, LLP
Weston Centre, Suite 2700
112 East Pecan Street
San Antonio, Texas 78205
(210) 229-3000
(210) 229-1194 FAX

By: _____
E. Burke Huber, Jr.
State Bar No. 10144696
F. Denise Rios
State Bar No. 24027660

ATTORNEYS FOR DEFENDANT
TRADE SECRET

11

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by certified mail, return receipt requested on this _14th_ day of September, 2003.

Reynaldo Garza, III
680 E. St. Charles, Suite 110
Brownsville, Texas 78520

_F. Denise Rios_
F. Denise Rios

## CERTIFICATION OF RECORDS

The attached documents are true and correct copies of the documents contained in the Investigation Report of Charge No. 31C-2003-00161:

Victor L. Perez vs. TRADE SECRET

I am the legal custodian of the original file.

Whereunto, I set my hand this _12th_ day of _August_, 200_3_, in the City of San Antonio, Bexar County, Texas.

_Esther Y. Herrera_
Esther Y. Herrera
Enforcement Manager

SUBSCRIBED AND SWORN to before me this _12th_ day of _Aug_, 200_3_.

_____
SIGNATURE OF NOTARY

SERVANDO A. PENA
MY COMMISSION EXPIRES
February 20, 2005

Servando A. Peña
Printed Name of Notary

Notary Public in and for
the State of Texas

My Commission expires:

_Feburary 20, 2005_

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by certified mail, return receipt requested on this _14th_ day of September, 2003.

Reynaldo Garza, III
680 E. St. Charles, Suite 110
Brownsville, Texas 78520

F. Denise Rios

## CERTIFICATION OF RECORDS

The attached documents are true and correct copies of the documents contained in the Investigation Report of Charge No. 31C-2003-00161:

Victor L. Perez vs. TRADE SECRET

I am the legal custodian of the original file.

Whereunto, I set my hand this _12th_ day of _August_, 200_3_, in the City of San Antonio, Bexar County, Texas.

_Esther Y. Herrera_
Esther Y. Herrera
Enforcement Manager

SUBSCRIBED AND SWORN to before me this _12th_ day of _Aug_, 200_3_.

_____
SIGNATURE OF NOTARY

SERVANDO A. PENA
MY COMMISSION EXPIRES
February 20, 2005

Servando A. Peña
Printed Name of Notary

Notary Public in and for
the State of Texas

My Commission expires:

_Feburary 20, 2005_

**INTAKE QUESTIONNAIRE**

**R**ECEIVED

TCHR USE ONLY

MAY 13 2002

TCHR

PLEASE COMPLETE THE REQUESTED INFORMATION. If returning by mail: Texas Commission on Human Rights, P.O. Box 13493, Austin, Texas 78711

**NOTE: FAILURE TO PROVIDE COMPLETE INFORMATION MAY RESULT IN DELAYED PROCESSING OF YOUR COMPLAINT.**

**COMPLAINANT:**

Name: Victor Luis Perez

Address: 375 Media Luna #2807

Zip: 78521    City: Brownsville

State: TX County: Cameron

SSN# 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

Phone: (home) (956) 550-9966
message: maria Pesquera
(work) (   )

**EMERGENCY CONTACT:**

Name: Ana Laura Barrientos

Address: 2212 Rosario

Zip: 78040 City: Laredo    St: TX

Phone: (956) 726-1543

**EMPLOYER** (Texas Address):

Name: Trade Secret

Street
Address: 2370 N. Expressway    Sunrise mall

Zip: 78521    City: Brownsville

State: TX County: Cameron

Phone: (956) 541-9333

Total Number of Employees: _____

**PERSONNEL DIRECTOR/OFFICER:**

Name: Sharlotte Keigler

Title: Area Manager

**WORKSITE ADDRESS:**

Street Address: _____

Zip: _____ City: _____ St: ____

EXHIBIT

**EMPLOYMENT INFO OF COMPLAINANT:** Date of Discrimination: 11/14/2001

Date Hired: 6/18/2001    Last Position Held: manager

Position Applied for: Beauty Advisor / sales    Date Applied: 6/16/2001

**INTERVIEW FOR COMPLAINANT:**

I.   The discrimination I suffered was because of my being a member of one or more of the following classes: (Please circle the appropriate class and identify in the blank provided: Example: Race _Black_ or (White)

Race Hispanic    Color Tan    National Origin U.S.A.

Sex male    Religion Catholic Age (Date of Birth) 35yrs. 8/5/1966

Religion _____    Disability (Doctor's Diagnosis) _____

Retaliation _____
(For having filed a prior discrimination complaint, having opposed unlawful discrimination, testified as a witness in a discrimination complaint, and/or aided another employee in the preparation of a discrimination complaint.

II.  Check the appropriate type of personnel action taken against you by employer.

___ Assignment (A3)        ___ Intimidation (I1)              ___ Reinstate (R4)
___ Benefits (B1)          ___ Involuntary Retirement (R5)    ___ Severance Pay (B5)
___ Demotion (D1)          ___ Job Classification (J1)        ___ Sexual Harassment (S4)
✓ Discharge (D2)          ___ Layoff (L1)                    ___ Suspension (S5)
___ Discipline (D3)        ___ Maternity (M1)                 ___ Terms&Conditions (T2)
___ Exclusion (E1)         ___ Other_____ (O1)         ___ Training (T4)
✓ Harassment (H1)         ___ Promotion (P3)                 ___ Unfavorable Reference (R2)
___ Hiring (H2)            ___ Recall (R1)                    ___ Wages (W1)

III. Please answer the following questions briefly (If you need more space, please use reverse side of form).

A.  Explain the action taken against you by your employer. (Include Full Names and Position Titles.)

I was Fired just because I am a man.

B.  Explain the reasons given to you for the employer's actions. (Include Full Names and Position Titles.)

A customer complaint.

C.  Explain the reason why you feel that your employer's actions are discriminatory.

My supervisor told me that "She didn't trust men" right before terminating me. While firing me she then tried, and weakly at that, to say she wasn't firing me just because I was a man. She fired me and replaced me with a woman. At the same time another male store manager, besides myself, was harrassed and pressured to resign and then replaced by another woman as well.

IV.  **General Questions:**

A.  **Do you have an attorney, union agent, interpreter or someone representing you in this matter?**

Name _Reynoldo G. Garza, III_  Relationship _NONE_

Address _1080 E. St. Charles, Ste. 110_

City, State, Zip _Brownsville, TX 78521_  Phone (_956_) _574-8600_

B.  **Please indicate if you have previously filed this same complaint or other complaints with any of the agencies listed below.**

_NO_ Texas Commission on Human Rights (TCHR)
_NO_ Equal Employment Opportunity Commission (EEOC)
_NO_ National Labor Relations Board (NLRB)
_NO_ Office of Federal Contract Compliance Program (OFCCP)
_NO_ Other Agency (Give Name)_____

If so, identify date of filing_____

Charge Number:_____

Indicate how this complaint was resolved:_____

_____

_____

SIGNATURE _____  DATE _5/9/02_

## ADDITIONAL INFORMATION
### (NOT PART OF OFFICIAL COMPLAINT)

**A.**  **SETTLEMENT/RESOLUTION**

What is the minimum remedy that you are willing to accept as a settlement or resolution should this develop into an official complaint?

Job_____ Back Pay _Approx. $9,00.00_ Benefits_____

Explain:_____

**B.**  **COMPLAINANT'S WITNESS INFORMATION**

Are there people who witnessed first hand the harm taken by your employer. If so, please complete the information requested below.

* * * * * *

Name of Witness:_____

Home Address:_____

Zip:_____City:_____State:_____

Phone: (    )_____    (    )_____

Specify information he/she can provide:_____

_____

* * * * * *

Name of Witness:_____

Home Address:_____

Zip:_____City:_____State:_____

Phone: (    )_____    (    )_____

Specify information he/she can provide:_____

_____

6330 Hwy 290 East, Suite 250
Austin, Texas 78723
P.O. Box 13006
Austin, Texas 78711-3006
http://welcome.to/tchr



(512) 437-3450
(512) 437-3478  Fax
(888) 452-4778  Toll Free
(512) 371-7473  TTY
(800) 735-2989  Texas Relay

## TEXAS COMMISSION ON HUMAN RIGHTS

### 05/14/2002

Trade Secret
2370 N. Expressway
Brownsville, TX 78521

RE: Victor L. Perez _____ VS. Trade Secret _____

Dear Sir/Madam

In accordance with Section 21.210(d) of the Texas Labor Code and 40 Texas Administrative Code Section 327.1(i), you are on notice that the commission has received a tendered document that constitutes an initial complaint by the above referenced complainant. The Commission may be unable to perfect this complaint until after 180 days from the date of the alleged act of discrimination. In accordance with Section 21.201(e) and (f) of the Texas Labor Code and 40 Texas Administrative Code Section 327.1(g), the perfected complaint will be amended to relate back to the date that the initial complaint was received by the Commission.

This tendered document shall not be docketed or an investigation initiated until a perfected complaint is received by the Commission. No action is necessary until the perfected complaint is served on the respondent.

Pursuant to the Texas Commission on Human Rights Act, as amended, it is an unlawful employment practice to retaliate or discriminate against a person who has opposed a discriminatory practice or who has made or filed a complaint, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this Act.

If the complainant identified above has filed the same complaint with the U.S. Equal Employment Opportunity Commission, please notify the Texas Commission on Human Rights' office by phone at 512/437-3450 or by mail.

Sincerely,

*Vicki Chesney*

Charles E. Bonney /VVC    4615
Director Of Enforcement.



*"Texas Commission on Human Rights is an Equal Opportunity Employer"*

6330 Hwy 290 East, Suite 250
Austin, Texas 78723
P.O. Box 13006
Austin, Texas 78711-3006
http://welcome.to/tchr



(512) 437-3450
(512) 437-3478  Fax
(888) 452-4778  Toll Free
(512) 371-7473  TTY
(800) 735-2989  Texas Relay

### TEXAS COMMISSION ON HUMAN RIGHTS



**June 18, 2002**

### PERFECTED COMPLAINT LETTER WITH CONFIDENTIALITY STATEMENT

Victor L. Perez
375 Media Luna #2807
Brownsville, Texas  78521

REFERENCE:  Victor L. Perez  vs.  Trade Secret

Dear:  Mr. Perez

Enclosed is a draft Charge of Discrimination.  If there are any errors or questions about this draft, please contact me before making any mark(s) on the form.  If there are no errors in what is written, take the forms to a notary public, sign and date one form in black ink in the places indicted by an "X".  Have the notary Public notarize the form and return the form to the TCHR in the enclosed envelope.  Please keep the second copy for your own information and record.

Also enclosed is a Confidentiality Statement.  You must sign the Confidentiality Statement and return the form to the TCHR in the enclosed envelope.  This document states that you agree that all documentation you receive as part of TCHR's assessment and investigative process will remain confidential and will not be shared with <u>any</u> member of the public, with the exception of your attorney.  Your complaint may be dismissed if you fail to sign the Confidentiality Statement.

If the TCHR does not receive a response or the signed charge and statement within fifteen (15) days of your receipt of this letter, this complaint will be dismissed for lack of cooperation.

Please contact me at 512/437-3456, if you have any questions about the Charge of Discrimination or the Confidentiality Statement.

Sincerely

Gracy Hill
Investigator

Attachments:  Charge of Discrimination
              Confidentiality Statement
              Envelope



*"Texas Commission on Human Rights is an Equal Opportunity Employer"*

6330 Hwy 290 East, Suite 250
Austin, Texas 78723
P.O. Box 13006
Austin, Texas 78711-3006
http://welcome.to/tchr

(512) 437-3450
(512) 437-3478  Fax
(888) 452-4778  Toll Free
(512) 371-7473  TTY
(800) 735-2989  Texas Relay

## TEXAS COMMISSION ON HUMAN RIGHTS

### CONFIDENTIALITY STATEMENT

### Victor L. Perez  vs.  Trade Secret

All documents received from the Texas Commission on Human Rights, and the content therein, shall be treated as confidential by all parties hereto, including the parties' employees, agents, spouses, relatives, assigns, and legal representatives, and shall not be disclosed to any member of the public.  This confidentiality agreement is binding on the parties to the extent that it does not violate any attorney-client privilege, court order, constitutional provision or statute prohibiting such confidentiality, including but not limited to the Texas Public Information Act. This confidentiality statement is not intended to prohibit the parties from introducing these documents and the content therein as evidence in any administrative or judicial proceeding.

**AGREED TO AS TO FORM AND CONTENT:**

_____
COMPLAINANT

_____
ATTORNEY FOR COMPLAINANT

Inv. Initials:  GJH

| CHAR... OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | [X] FEPA<br>[ ] EEOC | |

Texas Commission On Human Rights _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Victor L. Perez | (956) 550-9966 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 375 Media Luna #2807, Brownsville, TX 78521 | 08/05/1966 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Trade Secret | Cat A (15-100) | (956) 541-9333 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 2370 N. Expressway, Brownsville, TX 78521 | 061 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[ ] RETALIATION   [ ] AGE   [ ] DISABILITY   [X] OTHER *(Specify)*
Tchr Act

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 11/14/2001 | 11/14/2001 |
| [ ] CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

Original received May 13, 2002.

I.  On November 14, 2002, I was terminated.  My supervisor told me she did not like men.

II.  I was told I was being terminated because of a customer complaint.

III.  I believe that I have been discriminated against in violation of the Texas Commission on Human Rights Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended because of my sex, male.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT<br><br>X _____ |
| X _____     X _____<br>Date           Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Month, day and year) |

EEOC FORM 5 (Rev. 07/99)

6330 Hwy 290 East, Suite 250
Austin, Texas 78723
P.O. Box 13006
Austin, Texas 78711-3006
www.tchr.state.tx.us



(512) 437-3450
(512) 437-3478  Fax
(888) 452-4778  Toll Free
(512) 371-7473  TTY
(800) 735-2989  Texas Relay

TEXAS COMMISSION ON HUMAN RIGHTS

September 12, 2002

**PERFECTED COMPLAINT LETTER WITH CONFIDENTIALITY STATEMENT**

Victor L. Perez
c/o Reynaldo G. Garza, Attorney
680 E. St. Charles, Suite #110
Brownsville, Texas 78520

REFERENCE: Victor L. Perez vs. Trade Secret

Dear: Mr. Perez

Enclosed is a draft Charge of Discrimination. If there are any errors or questions about this draft, please contact me before making any mark(s) on the form. If there are no errors in what is written, take the forms to a notary public, sign and date one form in black ink in the places indicted by an "X". Have the notary Public notarize the form and return the form to the TCHR in the enclosed envelope. Please keep the second copy for your own information and record.

Also enclosed is a Confidentiality Statement. You must sign the Confidentiality Statement and return the form to the TCHR in the enclosed envelope. This document states that you agree that all documentation you receive as part of TCHR's assessment and investigative process will remain confidential and will not be shared with <u>any</u> member of the public, with the exception of your attorney. Your complaint may be dismissed if you fail to sign the Confidentiality Statement.

If the TCHR does not receive a response or the signed charge and statement within fifteen (15) days of your receipt of this letter, this complaint will be dismissed for lack of cooperation.

Please contact me at 512/437-3456, if you have any questions about the Charge of Discrimination or the Confidentiality Statement.

Sincerely

Gracy Hill
Investigator

Attachments:  Charge of Discrimination
              Confidentiality Statement
              Envelope

*"Texas Commission on Human Rights is an Equal Opportunity Employer"*

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

☒ FEPA  
☐ EEOC

Texas Commission On Human Rights _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Victor L. Perez | (956) 550-9966 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 375 Media Luna #2807, Brownsville, TX 78521 | 08/05/1966 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Trade Secret | Cat A (15-100) | (956) 541-9333 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 2370 N. Expressway, Brownsville, TX 78521 | 061 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☒ OTHER *(Specify)* Tchr Act

DATE DISCRIMINATION TOOK PLACE  
EARLIEST 11/14/2001  LATEST 11/14/2001  
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

Original received May 13, 2002.

I.  On November 14, 2002, I was terminated.  My supervisor told me she did not like men.

II.  I was told I was being terminated because of a customer complaint.

III.  I believe that I have been discriminated against in violation of the Texas Commission on Human Rights Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended because of my sex, male.

I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT X

X Date    X Charging Party *(Signature)*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

EEOC FORM 5 (Rev. 07/99)

6330 Hwy 290 East, Suite 250
Austin, Texas 78723
P.O. Box 13006
Austin, Texas 78711-3006
www.tchr.state.tx.us



(512) 437-3450
(512) 437-3478  Fax
(888) 452-4778  Toll Free
(512) 371-7473  TTY
(800) 735-2989  Texas Relay

## TEXAS COMMISSION ON HUMAN RIGHTS

### CONFIDENTIALITY STATEMENT

### Victor Luis Perez vs. Trade Secret

All documents received from the Texas Commission on Human Rights, and the content therein, shall be treated as confidential by all parties hereto, including the parties' employees, agents, spouses, relatives, assigns, and legal representatives, and shall not be disclosed to any member of the public. This confidentiality agreement is binding on the parties to the extent that it does not violate any attorney-client privilege, court order, constitutional provision or statute prohibiting such confidentiality, including but not limited to the Texas Public Information Act. This confidentiality statement is not intended to prohibit the parties from introducing these documents and the content therein as evidence in any administrative or judicial proceeding.

**AGREED TO AS TO FORM AND CONTENT:**

_____

COMPLAINANT/Victor Luis Perez

_____

ATTORNEY FOR COMPLAINANT

Inv. Initials:  GJH

6330 Highway 290 E Suite 250
Austin, TX 78723
PO Box 13006
Austin, TX 78711-3006
www.tchr.state.tx.us



(512) 437-3450
(512)437-3478
(888)452-4778 Toll Free
(512) 371-7473 TTY
(800) 735-2989 Texas Relay

October 21, 2002

### TEXAS COMMISSION ON HUMAN RIGHTS
### PERFECTED COMPLAINT LETTER WITH CONFIDENTIALITY STATEMENT

Victor L. Perez
c/o Reynaldo G. Garza, Attorney
680 E. St. Charles, Suite #110
Brownsville, Texas 78520

REFERENCE:  Victor L. Perez  vs.  Trade Secret

Dear:  Mr. Victor L. Perez

Enclosed is a draft Charge of Discrimination.  If there are any errors or questions about this draft, please contact me before making any mark(s) on the form.  If there are no errors in what is written, take the forms to a notary public, sign and date one form in black ink in the places indicted by an "X".  **Have the notary Public notarize the form** and return the form to the TCHR in the enclosed envelope.  Please keep the second copy for your own information and record.

Also enclosed is a Confidentiality Statement.  You must sign the Confidentiality Statement and return the form to the TCHR in the enclosed envelope.  This document states that you agree that all documentation you receive as part of TCHR's assessment and investigative process will remain confidential and will not be shared with any member of the public, with the exception of your attorney.  Your complaint may be dismissed if you fail to sign the Confidentiality Statement.

If the TCHR does not receive a response or the signed charge and statement within fifteen (15) days of your receipt of this letter, this complaint will be dismissed for lack of cooperation.

Please contact me at 512/437-3456, if you have any questions about the Charge of Discrimination or the Confidentiality Statement.

Sincerely

Gracy Hill
Investigator

Attachments:  Charge of Discrimination
              Confidentiality Statement
              Envelope

# CHARGE  DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act statement before completing this form. | [X] FEPA [X] EEOC | |

Texas Commission On Human Rights _____ and EEOC

*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Victor L. Perez | (956) 550-9966 |

| STREET ADDRESS        CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 375 Media Luna #2807, Brownsville, TX 78521 | 08/05/1966 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Trade Secret | Cat A (15-100) | (956) 541-9333 |

| STREET ADDRESS        CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 2370 N. Expressway, Brownsville, TX 78521 | 061 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS        CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [X] OTHER *(Specify)*
Tchr Act

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 11/14/2001 | 11/14/2001 |
| [ ] CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

Original received May 13, 2002.

I.  On November 14, 2002, I was terminated.  My supervisor told me she did not ~~like~~ trust V.L.P. men.

II.  I was told I was being terminated because of a customer complaint.

III.  I believe that I have been discriminated against in violation of the Texas Commission on Human Rights Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended because of my sex, male.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *(When necessary for State and Local Requirements)* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT X |
| X  Date 09/17/200_   X *Victor ____* *Charging Party (Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, day and year)* |

EEOC FORM 5 (Rev. 07/99)

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☒ FEPA ☐ EEOC | |

| Texas Commission On Human Rights | and EEOC |
|---|---|
| _State or local Agency, if any_ | |

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Victor L. Perez | (956) 550-9966 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 375 Media Luna #2807, Brownsville, TX 78521 | | 08/05/1966 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Trade Secret | Cat A (15-100) | (956) 541-9333 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2370 N. Expressway, Brownsville, TX 78521 | | 061 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☒ OTHER (Specify) Tchr Act

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 11/14/2001 | 11/14/2001 |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):
Original received May 13, 2002.

I. On November 14, 2002, I was terminated. My supervisor told me she did not like men.

II. I was told I was being terminated because of a customer complaint.

III. I believe that I have been discriminated against in violation of the Texas Commission on Human Rights Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended because of my sex, male.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| X_____ Date    X_____ Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) |

EEOC FORM 5 (Rev. 07/99)

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☐ EEOC | |

Texas Commission On Human Rights and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Victor L. Perez | (956) 550-9966 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 375 Media Luna #2807, Brownsville, TX 78521 | | 08/05/1966 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Trade Secret | Cat A (15-100) | (956) 541-9333 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2370 N. Expressway, Brownsville, TX 78521 | | 061 |

| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☒ OTHER *(Specify)*
Tchr Act

EARLIEST 11/14/2001   LATEST 11/14/2001
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

Original received May 13, 2002.

I. On November 14, 2002, I was terminated. My supervisor told me she did not like men.
first V.L.P.

II. I was told I was being terminated because of a customer complaint.

III. I believe that I have been discriminated against in violation of the Texas Commission on Human Rights Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended because of my sex, male.

ORALIA ESPINOZA
MY COMMISSION EXPIRES
September 10, 2006

EXHIBIT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) |
| Date 11/04/2002   Charging Party *(Signature)* | 11/04/02 |

EEOC FORM 5 (Rev. 07/99)

6330 Hwy 290 East, Suite 250                                                    (512) 437-3450
Austin, Texas 78723                                                             (512) 437-3478 Fax
P.O. Box 13006                                                                  (888) 452-4778 Toll Free
Austin, Texas 78711-3006                                                        (512) 371-7473 TTY
www.tchr.state.tx.us                                                            (800) 735-2989 Texas Relay

# TEXAS COMMISSION ON HUMAN RIGHTS

November 22, 2002

**NOTICE OF COMPLAINT OF DISCRIMINATION
AND OPPORTUNITY FOR ALTERNATIVE DISPUTE RESOLUTION**

Gennia Provencher, Operations Officer
Regis Corporation
Trade Secret
7201 Metro Blvd.
Minneapolis, MN  55439

REFERENCE:    TCHR COMPLAINT NO.: 1A30069-S
              EEOC COMPLAINT NO.: 31CA300161



Dear: Ms. Provencher

A complaint of discrimination alleging that your organization has violated the
Texas Commission on Human Rights Act (TCHRA), Chapter 21, of the Texas Labor
Code, has been filed with this office.

You are invited to participate in the Commission's Alternative Dispute
Resolution (ADR) process.  The Commission considers the mediation process to be
a benefit to all parties as it is designed to expedite the resolution of this
complaint.  Please refer the attached information on the Commission's ADR
process and most frequently asked questions regarding this process.

You must return the enclosed self-addressed postcard, **within ten (10) working
days** from receipt of this letter, checking **yes** or **no** to participate in the
Commission's mediation process.

If you choose to participate in the Commission's mediation process, you will be
contacted by a Commission Mediator with further information to schedule your
session.

If you choose not to participate in the Commission's mediation process, you
will have an additional ten (10) working days, for a total of twenty (20)
working days from receipt of this letter, to respond to the Commission's
Request for Information.

Attached to this letter is a Confidentiality Statement that must be signed and
returned to the Commission.  Please be advised that all documents that you
receive as part of the assessment and investigation of this case must remain
confidential and cannot be shared with members of the public, with the
exception of legal counsel.

If legal counsel will be representing you in this matter, please include a
statement of representation, including their name, address, and telephone
number.  Upon receipt of a letter of representation form your attorney, all

further communication from the TCHR related to the above-referenced complaint will be forwarded to your attorney.

Your cooperation is appreciated.  Any inquiries concerning this matter should be directed to Gracy Hill, Investigator, at 512/437-3456.

        Sincerely,

        J.D. Powell
        Executive Director

Enclosures:   Copy of Complaint
       ADR Information w/Return Postcard
       Confidentiality Statement
       Instructions for Position Statement and Request for
       Information

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

| | |
|---|---|
| | PERSON FILING CHARGE |
| | Perez, Victor L |
| | THIS PERSON (check one) |
| | [X] CLAIMS TO BE AGGRIEVED |
| | [ ] IS FILING ON BEHALF OF ANOTHER |

```
    ┌                              ┐
    TRADE SECRET
    2370 N. EXPRESSWAY
    BROWNSVILLE, TX 78521
    ATTN: PERSONNEL DIRECTOR

    └                              ┘
```

| DATE OF ALLEGED VIOLATION | |
|---|---|
| *Earliest* | *Most Recent* |
| 11/14/01 | 11/14/01 |

PLACE OF ALLEGED VIOLATION
BROWNSVILLE, TX

EEOC CHARGE NUMBER
31CA300161

FEPA CHARGE NUMBER
1A30069-S

## NOTICE OF CHARGE OF DISCRIMINATION  IN JURISDICTIONS WHERE A FEP AGENCY WILL INITIALLY PROCESS
(See attached information sheet for additional information)

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act of 1964
[ ] The Age Discrimination in Employment Act of 1967 (ADEA)
[ ] The Americans with Disabilities Act

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____ .
                                                        *(FEP Agency)*

[X] The <u>Texas Commission on Human Rights</u> and sent to the EEOC for dual filing purposes.
        *(FEP Agency)*

While EEOC has jurisdiction (upon the expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X] As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained in the "EEOC Rules and Regulations" apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ] An Equal Pay Act investigation (29 U.S.C. 206(d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
[X] Enclosure: Copy of Charge

BASIS OF DISCRIMINATION

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NAT. ORIGIN   [ ] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

CIRCUMSTANCES OF ALLEGED VIOLATION

See enclosed copy of the Charge of Discrimination (or EEOC Form 5).

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| 12/02/2002 | Pedro Esquivel, Director | |

EEOC FORM 131-A (Rev. 06/92)

**FILE COPY**

EEC    EMPLOYMENT OPPORTUNITY COMMISSI    )

# NOTICE OF RIGHT TO SUE

*( Issued on request )*

| To: Victor Perez<br>375 MEDIA LUNA #2807<br>BROWNSVILLE, TX 78521<br><br>☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL*<br>*( 29 C.F.R. 1601.7(a) )* | From:<br>EQUAL EMPLOYMENT OPPORTUNITY COMM.<br>San Antonio District Office<br>5410 Fredericksburg Road Suite 200<br>San Antonio Texas  78229 |
|---|---|

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 31CA300161 | Travis Hicks,Supervisor | (210) 281-7603 |

( See the additional information attached to this form )

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue. It is issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

                    On Behalf of the Commission

*for* *Travis D. Hicks*                                    02/28/03
――――――――――――――――――――――                    ――――――――――――
Pedro Esquivel, Director                                    *(Date)*

**Enclosure(s)**

cc:  TRADE SECRET
     2370 N. EXPRESSWAY
     BROWNSVILLE, TX 78521



EEOC FORM 161-B  (Rev 01/97)                              **FILE COPY**

6330 Hwy 290 East, Suite 250
Austin, Texas 78723
P.O. Box 13006
Austin, Texas 78711-3006
www.tchr.state.tx.us



(512) 437-3450
(512) 437-3478 Fax
(888) 452-4778 Toll Free
(512) 371-7473 TTY
(800) 735-2989 Texas Relay

## TEXAS COMMISSION ON HUMAN RIGHTS

## NOTICE OF RIGHT TO FILE A CIVIL ACTION

Victor Perez
c/o Reynaldo G. Garza
680 E. St. Charles, Suite 110
Brownsville, Texas  78520

RE:   Victor Perez  vs.  Trade Secret

TCHR Complaint Number:   1A30069-S

EEOC Charge:         31CA300161

Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, as amended, and Chapter 327, Section 327.7 of the Commission's Rules, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case.  PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

The United States Supreme Court has held in Kremer v. Chemical Construction Corporation, 456 U. S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code.  Therefore, filing a lawsuit in state court based on the issuance of this notice of right-to-sue may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U. S. C. 2000e - et seq.

Sincerely,

J.D. Powell
Executive Director

cc: Karen E. Hines, Attorney at Law/In-House Counsel
    Trade Secret, Inc.
    7201 Metro Boulevard
    Minneapolis, Minnesota  55439-2103



*"Texas Commission on Human Rights is an Equal Opportunity Employer"*

6330 Hwy 290 East, Suite 250
Austin, Texas 78723
P.O. Box 13006
Austin, Texas 78711-3006
www.tchr.state.tx.us



(512) 437-3450
(512) 437-3478 Fax
(888) 452-4778 Toll Free
(512) 371-7473 TTY
(800) 735-2989 Texas Relay

## TEXAS COMMISSION ON HUMAN RIGHTS

DISMISSAL:   REQUEST FOR NOTICE OF RIGHT TO FILE A CIVIL ACTION

Victor Perez
c/o Reynaldo G. Garza
680 E. St. Charles, Suite 110
Brownsville, Texas  78520

REFERENCE:   Victor Perez  v.  Trade Secrete
             TCHR Complaint No.: 31CA300161

Dear: Mr. Perez

    This is to inform you that the above captioned matter is hereby administratively dismissed, pursuant to your request for Notice of Right to File a Civil Action, date received February 10, 2003.

    This concludes the Commission's process of the subject complaint.

Sincerely,

J.D. Powell
Executive Director

Copy

cc:  Karen E. Hines, Attorney at Law/In House Counsel.
     Trade Secret, Inc.
     7201 Metro Bouvelard
     Minneapolis, Minnesota  55439-2103

STATE OF TEXAS §
§
HARRIS COUNTY §

## AFFIDAVIT OF SHARLOTTE KAIGLER

BEFORE ME, the undersigned authority, on this day personally appeared Sharlotte Kaigler, who on her oath, deposed and stated as follows:

"My name is Sharlotte Kaigler. I am over the age of 18 years of age and of sound mind. I have never been convicted of a felony crime involving moral turpitude. I am fully competent to make this affidavit. I have personal knowledge of the facts in this affidavit, and based on such personal knowledge, the facts stated in this Affidavit are true and correct.

"I recently became the Regional Manager for Trade Secret. Previously, I was the Area Supervisor for Trade Secret. In my capacity as Regional Manager and Area Supervisor, I oversee the Trade Secret salon located in the Sunrise Mall in Brownsville, Texas. As an Area Supervisor, I supervised Victor Perez while he managed the Trade Secret Salon located at the Sunrise Mall in Brownsville, Texas. Due to excessive tardiness and repeated citations by the mall for not opening the salon on time, I terminated Victor Perez on November 14, 2001.

"The delay in filing a charge and filing a lawsuit has caused me a hardship in locating witnesses that have relevant information to support my legitimate, non-discriminatory reason for terminating Victor Perez. I have made attempts to contact former employees of the Trade Secret Salon at the Sunrise Mall who would corroborate Mr. Perez's excessive tardiness and the problems it caused the salon. However, my attempts to contact these numerous former employees have been frustrated due to the length of time that has passed since Mr. Perez was terminated and the late filing of his charge of discrimination against Trade Secret. Many of these former employees are no longer in the Brownsville area. The only employee still employed with Trade Secret who worked with Mr. Perez is Mary Carmen.



1

In addition to the unavailability of these witnesses, I further believe their memory of Mr. Perez's chronic tardy issues may be difficult for these witnesses to recall because of the length of time that has passed since Mr. Perez was terminated.

"Further, Affiant sayeth not."

9/18/03
DATE

Sharlotte Kaig
SHARLOTTE KAIGLER
REGIONAL MANAGER

SWORN to and subscribed before me on the 18th day of September, 2003.

Notary Public

# 1191935_v1

SONIA MONTOYA
Notary Public, State of Texas
My Commission Expires 10-5-2004